UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DESERIA R. GRIFFIN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ENDICOTT COIL COMPANY, INC. <br><br> Defendant. | Case No.: 3:22-CV-1128 (MAD/ML) <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Deseria R. Griffin ("Plaintiff" or "Ms. Griffin"), individually and on behalf of all other similarly situated persons, by and through her undersigned counsel, alleges upon personal knowledge as to herself and upon information and belief as to other matters (which is based on, among other things, her experiences at Defendant's facility, review of Defendant's records, conversations with Defendant's employees and investigation of her counsel), as follows:

### NATURE OF ACTION

1. Plaintiff brings this action on behalf of herself and all other similarly situated current and former hourly paid and non-exempt employees ("Hourly Employees") of Endicott Coil Company, Inc. ("Endicott Coil" or "Defendant").

2. Endicott Coil is a manufacturing company which sells specialty products to customers nationwide. More specifically, Endicott Coil manufactures, *inter alia*, magnetic coils, transformers, solenoids and electronic assemblies. Defendant has approximately 100 current Hourly Employees.

3. As particularized below, Defendant has engaged in illegal and improper wage practices that have deprived Hourly Employees of millions of dollars in wages and overtime compensation. These practices include (a) improperly penalizing Hourly Employees by

configuring the time clocks in Defendant's facilities to round down and artificially reduce the amount of time Hourly Employees are credited with performing work; and (b) automatically deducting time for meal breaks when employees are performing work during that time. Furthermore, Defendant failed to provide Hourly Employees with appropriate pay rate acknowledgement forms and weekly wage statements. These illegal practices and policies are uniform throughout Defendant's facilities and have been known to Defendant for years. For these reasons, Plaintiff brings this action on behalf of herself and other Hourly Employees to recover unpaid wages, overtime compensation, damages, penalties and reasonable attorneys' fees and costs under the Fair Labor Standards Act (the "FLSA") §§ 201, *et. Seq.,* and under McKinney's Labor Law (the "NYLL"), §§ 190, *et. seq.,* 195(1), 195(3), §§ 650, *et seq.,* and 12 NYCRR § 142-2.2.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. § 216(b).

5. This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1332(d). This is a proposed class action in which: (a) there are 100 or more members in the proposed class; (b) at least some members of the proposed class have a different citizenship from the Defendant; and (c) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

6. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the NYLL state law wage and hour claims because those claims derive from a common nucleus of operative fact.

7. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

# THE PARTIES

**Plaintiff**

8. Plaintiff is currently a resident of Endicott, New York and is a current employee of Defendant.

9. Ms. Griffin was employed by Endicott Coil as a machine operator, from approximately July of 2013 until July of 2022, as an Hourly Employee and paid an hourly rate between $7.25 and $16.00.

10. Since approximately 2019, Ms. Griffin was, generally, scheduled to work from 5:00 a.m. until 3:30 p.m., 4 days per week. Her job duties as a machine operator included, among other tasks, maintaining and operating the covering and winding machines.

11. As a machine operator, Ms. Griffin could not exercise independent discretion, judgment or control over the daily and overall operation of the areas in which she worked. Ms. Griffin could not hire or fire other Hourly Employees. Ms. Griffin also could not pick and choose a particular post during any of her given shifts, but rather is assigned a particular post by her supervisors. Despite this lack of independent discretion, throughout the entirety of her employment as a machine operator, Ms. Griffin was not properly compensated for all hours worked.

12. Specifically, throughout Ms. Griffin's employment, she was asked to and did perform essential work prior to the beginning of her scheduled shift as well as subsequent to the end of her scheduled shift.

13. When Ms. Griffin worked at Endicott Coil, she was required to clock in and clock out at the start and end of each work day. However, regardless of the number of hours which Ms. Griffin actually worked, her time was rounded down and she was compensated for no more than 40 hours a week.

14. By way of example of Endicott Coil's improper time rounding procedures, on most

days throughout the course of her employment, Ms. Griffin typically arrived to work between 10 to 15 minutes prior to the start of her scheduled shift and immediately began performing job-related duties, but her time was rounded and she was compensated as if she began work at 5:00 a.m. Additionally, on those same occasions, Ms. Griffin would typically work until approximately 20 to 30 minutes after the end of her scheduled shift. However, her time was rounded and she was compensated as if she clocked out at 3:30 p.m. Moreover, if Ms. Griffin ever clocked in late or clocked out early, she would be penalized because she would only be paid for the specific time she had clocked in late or clocked out early. Thus, Endicott's time rounding practices only worked to the employer's benefit and would never average out over time.

15. As a result, on these days, Ms. Griffin worked but was not compensated for at least 30-45 minutes because of Defendant's improper time rounding procedures.

16. Ms. Griffin was engaged in essential and integral work on the Defendants' behalf during this and all other pre- and post-shift time rounding periods in which she was clocked in but not compensated. Work performed during the pre- and post-shift time rounding periods include some or all the job duties referenced *supra*. This pre- and post-shift work was significant, integral and indispensable to the performance of job related duties, was not a *de minimis* task or request and was predominantly for the Defendant's benefit.

17. This pre/post shift work occurred 3-4 times per week for anywhere between 30-45 minutes per day.

18. Furthermore, Ms. Griffin would routinely not be relieved for her uncompensated meal breaks or would be interrupted during same. Thus, Ms. Griffin routinely had to perform work during her 30-minute meal break. Work performed during uncompensated meal breaks includes those duties described, *supra*.

19. By way of specific example, during the pay period of March 20, 2022 to March 26, 2022, Ms. Griffin began work approximately 10-15 minutes early and stopped work approximately 20-30 minutes late each day that she worked. Ms. Griffin also had her uncompensated meal break interrupted by approximately 15 minutes per day. Despite working from approximately 4:45 a.m. to 4:00 p.m., with little-to-no meal break time, 4-days per week, Ms. Griffin was only paid for 40 hours over the course of this 1-week pay period. However, during this 1-week period, Ms. Griffin actually worked between 43 hours and 44 hours and was not paid any additional straight or overtime wage for these additional 3-4 hours of overtime during that 1-week period.

20. Additionally, Ms. Griffin's supervisors, specifically including, but not limited to, Don Button, Mike Fagan and Bob Phifer, knew she was performing work during periods of improper pre- and post-shift time rounding, as well as during meal breaks, but did nothing to rectify the situation or compensate Ms. Griffin for her time.

21. Thus, because of Defendant's improper time-rounding, meal break and overtime compensation policies and as described more fully below, Ms. Griffin was deprived of wages as required by the FLSA and NYLL, including at least 3-4 hours of uncompensated overtime per week.

22. Finally, Defendant never provided Ms. Griffin with proper pay rate acknowledgement forms at the commencement of her employment and when she received a change in her hourly rate of pay as required under NYLL §195(1), nor was she provided with appropriate weekly wage statements as required by NYLL §195(3).

**Defendant**

23. Endicott Coil is a privately held company conducting business in the Northern District of New York. Endicott Coil was established and incorporated under the laws of New York and is headquartered in New York at 24 Charlotte Street, Binghamton, New York, 13905. Defendant has approximately 100 current Hourly Employees.

24. Endicott Coil is a manufacturing company that manufactures, *inter alia*, magnetic coils, transformers, solenoids and electronic assemblies which it sells to customers nationwide.

25. Defendant has the power to control wage policies and practices through its oversight of day-to-day operating procedures, control over Hourly Employee work schedules, ability to determine Hourly Employees' rate of pay, and ability to control record-keeping practices. Thus, Defendant, was (or is) the employer of Plaintiff and class members within the meaning of the FLSA and NYLL.

## FACTUAL ALLEGATIONS

### Background

26. Defendant's Hourly Employees are, upon information and belief, all located in New York, serving in a variety of roles to fulfill Defendant's business purposes.

27. Defendant hired Plaintiff and promised to pay hourly wages for her work. Full-time Hourly Employees are paid hourly wages based upon their job description and tenure that range between minimum wage and approximately $25.00 per hour and have a standard work week of 40 hours.

28. Endicott Coil's improper time rounding procedures apply to all Hourly Employees, given that all Hourly Employees utilize the same time clocks and time clock software to track their hours and improperly compensate them.

29. Endicott Coil's management personnel know that Hourly Employees are only compensated for, at most, pre-approved hours and that Hourly Employees will not be compensated for all hours worked.

### Defendant's Time-Keeping System Is Configured to Improperly Penalize Hourly Employees When They Exceed 40 Hours of Work a Week.

30. Defendant has a policy and practice of unlawfully penalizing Hourly Employees

who work more than 40 hours a week. Defendant will automatically penalize an Hourly Employee by rounding their clocked in time to a maximum of 40 hours per week, even though they are performing job-related duties in excess of 40 hours per week.

31. These job-related duties are performed at the request of superiors who know that Hourly Employees will not be paid for this time and instruct Hourly Employees to begin or complete tasks within the unpaid time rounding window.

32. For example, if an Hourly Employee is performing work related duties in excess of 40 hours a week and clocks in and clocks out accordingly, she is paid only for 40 hours per week, even though she is performing work related duties during that uncompensated interval in which her hours worked exceed.

33. Furthermore, if an Hourly Employee performs work related duties for four minutes or less than the standard 40 hours a week, she is not given the benefit of being compensated for 40 hours.

34. Although Defendant requests and is aware of the work Hourly Employees perform during these penalty periods, Defendant has knowingly configured their time keeping system to deny compensating Hourly Employees for some – if not all – of this unlawful rounding time spent on the Defendant's behalf by systematically rounding down the Hourly Employees' total time worked.

35. "Rounding" practices are permissible under the FLSA and NYLL if the "arrangement averages out so that the Hourly Employees are fully compensated for all the time they actually work." 29 C.F.R. § 785.48(b). This practice is accepted provided that the time rounding is used in such a manner that will not, over a period of time, result in the failure to compensate Hourly Employees properly for all the time they have actually worked.

36. Defendant is aware of permissible rounding practices under the FLSA and NYLL. However, despite its knowledge of permissible rounding practices and knowing that its time keeping software works only to the benefit of the Defendant and to the detriment of the Hourly Employees, the Defendant has never conducted an analysis to determine whether the Defendant's time clock system averages out – which it does not. As such, Defendant's time rounding practice unfairly favors Defendant versus the Hourly Employees subject to the rounding policy. This rounding policy consistently and artificially reduces the total time Hourly Employees are credited with working at Defendant's facilities.

37. Upon information and belief, current and former Hourly Employees who were subject to and harmed by Defendant's impermissible rounding policy include, but are not limited to, Kayce Smith, Sabrina Hardy, Ja'Dori Angling, Gardy Louis, Arthur Coleman, Paola Melogno, Asia Thompson, Latoya Johnson and Ariel Corbett.

**Defendant Failed To Provide Hourly Employees With Timely
And Appropriate Wage Statements and Pay Rate
Acknowledgement Forms As Required Under NYLL**

38. Defendant failed to provide Plaintiff and all other Hourly Employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; names of the employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

39. Defendant failed to provide Plaintiff and all other Hourly Employees at the time of hiring and when they received a change in their hourly rate of pay, a statement in English and the

Hourly Employees' primary language, containing: the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employers' main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

40. Accordingly, Plaintiff seeks certification of the following classes of Hourly Employees:

> All Hourly Employees who are or were employed by Defendants within the three years (FLSA Collective) or six years (New York Class) preceding the filing of this action and were improperly penalized by Defendant's time rounding system if they worked in excess of the standard 40 hour work week, even though they performed work related duties during this uncompensated time window and who were: (a) not compensated for all work performed while clocked-in at straight rates; and/or (b) were not fully compensated for time worked over forty hours per week at overtime rates; and/or (c) not provided proper notice under NYLL §195(1) and NYLL §195(3) ("FLSA Collective" and "New York Class").

**FAIR LABOR STANDARDS ACT COLLECTIVE ACTION ALLEGATIONS**

41. The preceding paragraphs are incorporated by reference as if fully set forth herein.

42. Plaintiff brings this FLSA collective action on behalf of herself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, on behalf of the aforementioned FLSA Collective.

43. Excluded from the FLSA Collective is Defendant, its legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in Endicott Coil. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the FLSA Collective.

44. Plaintiff is unable to state the exact number of Hourly Employees within the FLSA

Collective without discovery of Defendant's books and records but estimates that the FLSA Collective exceeds 100 individuals.

45. Defendant improperly benefited from Plaintiff's and the FLSA Collective members' uncompensated work during time rounding periods and off-the-clock work.

46. Defendant's unlawful conduct has been widespread, repeated and consistent. Moreover, Defendant's conduct was willful and in bad faith and has caused significant damages to Plaintiffs and the FLSA Collective.

47. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and, as such, notice should be sent to the FLSA Collective. There are numerous similarly situated, current and former Hourly Employees who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the action. Those similarly situated Hourly Employees are known to Defendant and are readily identifiable through Defendant's records.

## NEW YORK CLASS ACTION ALLEGATIONS

48. The preceding paragraphs are incorporated by reference as if fully set forth herein.

49. Plaintiff brings this action on her own behalf and as a class action pursuant to Article 9 of New York Civil Practice Law and Rules on behalf of the aforementioned New York Class.

50. Excluded from the New York Class is Defendant, its legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in Endicott Coil. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the New York Class.

51. Defendant operates and manages a manufacturing company, employing over 100 Hourly Employees in New York State and it systematically fails and refuses to pay their Hourly

Employees for all compensable hours worked. The members of the New York Class are so numerous that joinder of all members in one proceeding is impracticable.

52. Plaintiff's claims are typical of the claims of other New York Class members because Plaintiff is a non-exempt hourly-wage Hourly Employee who has not been compensated for work performed in excess of the standard 40-hour work week.

53. Plaintiff and other New York Class members have sustained similar types of damages as a result of Defendant's failure to comply with the NYLL. Plaintiff and other New York Class members have been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.

54. Plaintiff will fairly and adequately protect the interests of the New York Class. Plaintiff has retained counsel competent and experienced in complex class action and wage and hour litigation. There is no conflict between Plaintiff and the New York Class.

55. Common questions of law and fact exist as to the New York Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

(a) Whether Defendant failed and/or refused to pay Plaintiff and the New York Class for all of the compensable time that they worked for Defendant while clocked-in;

(b) Whether Defendant failed to keep true and accurate time records for all hours worked by its Hourly Employees as required by New York Labor Law §§ 190 *et seq.* and 650 *et seq.*;

(c) Whether Defendant failed to provide appropriate and accurate pay rate acknowledgement forms and weekly wage statements as required by New

York Labor Law §§ 195(1) and 195(3);

(d) Whether Defendant correctly compensated members of the New York Class for hours worked in excess of forty per work week;

(e) Whether Defendant failed to comply with the posting and notice requirements of the NYLL;

(f) Whether Defendant engaged in a pattern and/or practice in New York of forcing, coercing, and/or permitting Plaintiff and New York Class members to perform work for Defendant's benefit which was not compensated;

(g) Whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(h) The nature and extent of class-wide injury and the measure of damages for those injuries.

56. Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail. Individual class members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Members of the New York Class are readily identifiable from Defendant's own records.

57. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual members

of the New York Class that would establish incompatible standards of conduct for Defendant.

58. Without a class action, Defendant will retain the benefit of their wrongdoing and will continue a course of action that will result in further damages to Plaintiff and the New York Class.

59. Plaintiffs intend to send notice to all members of the New York Class to the extent required by New York C.P.L.R. § 904.

## FIRST CAUSE OF ACTION

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(On Behalf of Plaintiff Deseria R. Griffin and the FLSA Collective)**

60. The preceding paragraphs are incorporated by reference as if fully set forth herein.

61. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed and continues to employ, Hourly Employees, including Plaintiff and each of the members of the FLSA Collective.

62. Plaintiff consents in writing to be a part of this action pursuant to FLSA, 29 U.S.C. § 216(b), and attached hereto as Exhibit A is a copy of Plaintiff's Opt-in forms. As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs and opt-ins.

63. The FLSA requires each covered employer such as Defendant to compensate all non-exempt Hourly Employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek. The FLSA also requires each covered employer to pay the minimum wage for all hours worked.

64. Plaintiff and the members of the FLSA Collective Action were and are entitled to

be paid minimum wage and overtime compensation for all hours worked.

65. Defendant, pursuant to its policies and practices, failed and refused to pay minimum wage and overtime premiums to Plaintiff and the members of the FLSA Collective for all of their hours worked.

66. By failing to compensate Plaintiff and the members of the FLSA Collective for minimum wage and overtime compensation, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq*.

67. By improperly rounding FLSA Collective time entries, Defendant has violated, and continues to violate Department of Labor Regulation 29 C.F.R. § 785.48(b).

68. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

69. Plaintiff, on behalf of herself and members of the FLSA Collective, seeks damages in the amount of their unpaid wages and overtime compensation, interest, and such other legal and equitable relief as the Court deems just and proper.

70. Plaintiff, on behalf of herself and the FLSA Collective, seeks recovery of attorneys' fees and costs, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**Violations of New York Labor Law – Nonpayment of Straight Wages
§§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR 142-2.1 and 142-2.2
(On Behalf of Plaintiff Deseria R. Griffin and the New York Class)**

71. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

72. Pursuant to New York Labor Law §§ 190, 191, 193, 198 and 652, Defendant has willfully failed to pay the straight wages due as set forth in the preceding paragraphs of this Complaint to Plaintiffs and the New York Class in violation of New York Labor Law §§ 190, 191,

193, 198 and 652 and 12 N.Y.C.R.R. 142-2.1 and 142-2.2.

73. Defendant was not and is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of the Plaintiff's and the New York Class' wages that concern this lawsuit.

74. Defendant was not authorized by Plaintiff or any New York Class members to withhold, divert or deduct any portion of their unpaid wages which are the subject of this lawsuit.

75. Pursuant to New York Labor Law § 198, employers such as Defendant who intentionally fail to pay an Hourly Employee wages in conformance with New York Labor Law shall be liable to the Hourly Employee for the wages or expenses that were intentionally not paid, and court costs and attorneys' fees incurred in recovering the unpaid wages.

76. Defendant has violated the New York Labor Law by failing to pay Plaintiff and the members of the New York Class for all compensable time and by failing to pay Plaintiff and the members of the New York Class for the straight time worked at the established rate.

77. Plaintiff, on behalf of herself and the New York Class, seeks the amount of underpayments based on Defendant's failure to pay straight wages of at least the minimum wage for all hours worked, as provided by the New York Labor Law, and such other legal and equitable relief as the Court deems just and proper.

78. Plaintiff, on behalf of herself and the New York Class, seeks all liquidated and punitive damages and penalties available under the NYLL.

### THIRD CAUSE OF ACTION

**New York Labor Law – Unpaid Overtime**
**(On Behalf of Plaintiff and the New York Class)**

79. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

80.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations 12 N.Y.C.R.R. 142-2.1 and 142-2.2 apply to Defendant and protect Plaintiff and the members of the New York Class.

81.     Defendant has failed to pay Plaintiff and members of the New York Class overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

82.     By Defendant's knowing and/or intentional failure to pay Plaintiff and the members of the New York Class overtime wages for hours worked in excess of forty hours per week, it has willfully violated NYLL Article 19, §§ 650 *et. seq.*, and the supporting New York State Department of Labor Regulations.

83.     Due to Defendants' violations of the NYLL, Plaintiff and the members of the New York Class are entitled to recover from the Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

84.     Plaintiff, on behalf of herself and the New York Class seeks all liquidated and punitive damages and penalties available under the NYLL.

## FOURTH CAUSE OF ACTION

**New York Labor Law – Violation of the Notice and Recordkeeping Requirements**
**(On Behalf of Plaintiff and the New York Class)**

85.     The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

86.     Defendant has failed to provide Plaintiff and all Hourly Employees with a written notice, in English and in Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day

designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

87. Defendant is liable to Plaintiff and each Hourly Employee in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

**New York Labor Law – Violation of the Wage Statement Provisions**
**(On Behalf of Plaintiff and the New York Class)**

88. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

89. Defendant has not provided Plaintiff and all Hourly Employees a statement with each payment of wages listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL 195(3).

90. Defendant is liable to Plaintiff and each Hourly Employee in the amount of $5,000, together with costs and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Deseria R. Griffin, individually and on behalf of the FLSA Collective, seeks the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Plaintiff Consent Forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff Deseria R. Griffin as the Representatives of FLSA Collective;

C. Appointment of Plaintiff's counsel as Lead Counsel for the FLSA Collective;

D. An award of damages, according to proof, including but not limited to unpaid overtime wages and lost benefits, to be paid by the Defendant;

E. An award of costs incurred herein, including expert fees;

F. An award of attorneys' fees pursuant to 29 U.S.C. § 216;

G. An award of pre-judgment and post judgment interest, as provided by law;

H. An award of injunctive relief to prevent against future wage and hour violations; and

I. All such other relief as this Court shall deem just and proper.

**WHEREFORE**, Plaintiff Deseria R. Griffin, individually and on behalf of the New York Class, seek the following relief:

A. Certification of this action as a class action under Rule 23 and the appointment of Plaintiff's counsel as Lead Counsel for the New York Class;

B. Designation of Plaintiff Deseria R. Griffin as the Representative of New York Class;

C. On the Second Cause of Action (Violation of New York Labor Law – Nonpayment

of Straight Wages):

       1.     An award to Plaintiff and members of the New York Class of damages for the amount of unpaid straight wages in addition to interest subject to proof;

       2.     An award to Plaintiff and the members of the New York Class of reasonable attorneys' fees and costs pursuant to New York Labor Law;

   D.     On the Third Cause of Action (Violation of New York Labor Law – Unpaid Overtime):

       1.     An award to Plaintiff and the members of the New York Class of damages for the amount of unpaid overtime, in addition to interest subject to proof; and

       2.     An award to Plaintiff and the members of the New York Class of reasonable attorneys' fees and costs pursuant to New York Labor Law.

   E.     On the Fourth and Fifth Causes of Action (Violation of New York Labor Law – Notice and Recordkeeping Requirements and Wage Statement Provisions):

       1.     An award to Plaintiff and members of the New York Class of damages for violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d).

       2.     An award to Plaintiff and the members of the New York Class of reasonable attorneys' fees and costs pursuant to NYLL §§198(1-b), 198(1-d).

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues so triable.

## **DEMAND TO PRESERVE EVIDENCE**

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff and Plaintiff's employment, to Plaintiff's cause of action and/or prayers for

relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

**NOTICE PURSUANT TO NEW YORK BUSINESS CORPORATIONS LAW § 630**

Defendants are hereby put on notice that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, they are hereby notified that Plaintiff, the FLSA Collective Class and the New York Class intends to charge and hold personally, jointly and severally liable, the ten largest shareholders of Endicott Coil, for all debts, wages, and/or salaries due and owing to Defendant's employees for services performed by them and Plaintiff has expressly authorized the undersigned, as his attorney, to make this demand on her behalf.

Dated: New York, New York
      October 28, 2022

/s/ Nelson Canter
Nelson Canter, Esq.
Brett Gallaway, Esq.
Lee Shalov, Esq.
Jason Giaimo, Esq.
McLAUGHLIN & STERN, LLP
260 Madison Ave.
New York, NY 10016
Telephone: (212) 448-1100
ncanter@mclaughlinstern.com
bgallaway@mclaughlinstern.com
lshalov@mclaughlinstern.com
jgiaimo@mclaughlinstern.com

*Attorneys for Plaintiff, the FLSA Collective and the New York Class*