UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DESERIA R. GRIFFIN**, individually and on behalf of all others similarly situated,

                           **Plaintiff,**

  vs.                                                           3:22-CV-01128 (MAD/ML)

**ENDICOTT COIL COMPANY, INC.**,

                           **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**MCLAUGHLIN & STERN, LLP**            **NELSON E. CANTER, ESQ.**
260 Madison Avenue                           **BRETT R. GALLAWAY, ESQ.**
New York, New York 10016              **JASON GIAIMO, ESQ.**
Attorneys for Plaintiff                       **LEE S. SHALOV, ESQ.**

**HINMAN HOWARD & KATTELL, LLP**     **RICHARD C. LEWIS, ESQ.**
P.O. Box 5250
80 Exchange Street
700 Security Mutual Building
Binghamton, New York 13902
Attorneys for Defendant

**GORDON REES SCULLY**                **DAHN A. LEVINE, ESQ.**
**MANSUKHANI, LLP**                      **RYAN J. SESTACK, ESQ.**
One Battery Park Plaza
28th Floor
New York, New York 10004
Attorneys for Defendant

**Mae. A. D'Agostino, U.S. District Judge:**

        **ORDER GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT, PROVISIONALLY CERTIFYING THE PROPOSED CLASS, APPOINTING CLASS COUNSEL, DIRECTING NOTICE TO THE POTENTIAL CLASS, AND SETTING A HEARING ON FINAL APPROVAL**

**WHEREAS**, Plaintiff Deseria R. Griffin, individually and as representative of the Settlement Classes, as defined below, and Defendant Endicott Coil Company, Inc. ("Defendant") (Plaintiff together with Defendant hereinafter collectively, the "Parties") have entered into a Settlement Agreement that was fully executed on August 17, 2023, which if approved, would resolve this class action ("Action");

**WHEREAS**, on August 28, 2022, Plaintiff has filed a motion for preliminary approval of the proposed settlement ("Settlement") set forth in the Settlement Agreement, which Defendant does not oppose, and the Court has reviewed and considered the motion, the supporting brief, the supporting declarations, the Settlement Agreement, and all exhibits thereto, including the proposed notices (hereinafter, the "Notices"), and finds there is sufficient basis for granting preliminary approval of the Settlement, directing that the Notices (Dkt. No. 33-4) be disseminated to the Settlement Class, and setting a hearing at which the Court will consider whether to grant final approval of the Settlement;

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the Parties, and after consideration of the Settlement and its exhibits,

**IT IS HEREBY ORDERED** that:

1. Unless otherwise defined herein, terms used in the Order have the same meaning as defined in the Settlement.

2. The representations, agreements, terms, and conditions of the Settlement, as embodied in the Settlement Agreement and the exhibits attached thereto, are preliminarily approved pending a Final Approval Hearing on the Settlement as provided herein.

3. This Court finds that it has jurisdiction over the subject matter of this action and over all Parties to the action.

4. This Court finds that, subject to the Final Approval hearing, the Settlement Agreement is fair, reasonable, and adequate, within the range of possible approval, and in the best interests of the Settlement Class Members as set forth below.  The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class Members without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal.  The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class Members; (c) meets all applicable requirements of law; and (d) is not a finding or admission of liability by Defendant or any other person, nor a finding of the validity of any claims asserted in the Action, any wrongdoing, or any violation of law.  *See* Dkt. No. 33-3 at 1.

5. For purposes of the proposed Settlement only, the Court preliminarily finds and determines that the Action may proceed as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and provisionally certifies the following Settlement Classes as proposed by the Parties:

> **FLSA Class:** All current and former non-exempt hourly paid employees who worked for Defendant during the period from October 28, 2019 through the date of the issuance of this Preliminary Approval Order.
>
> **NYLL Class:** All current and former non-exempt hourly paid employees who worked for Defendant during the period from October 28, 2016 through the date of this Preliminary Approval Order.

6. For purposes of the proposed Settlement only, the Court preliminarily finds and determines, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, as follows: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be

3

impracticable; (b) there are questions of law and fact common to the Settlement Classes, and those questions predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Classes; (d) Plaintiff and Class Counsel will fairly and adequately protect the interests of the Settlement Classes; and (e) a class action is superior to other available methods for fairly and efficiently adjudicating the Action.

7. For purposes of the proposed Settlement only, the Court preliminarily appoints Plaintiff Deseria Griffin as Settlement Class Representative for the NYLL Class and the FLSA Class.

8. For purposes of the proposed Settlement only, the Court preliminarily appoints the law firm McLaughlin & Stern, LLP as Class Counsel to act on behalf of the Settlement Classes and the Settlement Class Representative with respect to the Settlement. The Court preliminarily authorizes Class Counsel to enter into the Settlement on behalf of the Settlement Class Representative and the Settlement Classes, and to bind them all to the duties and obligations contained herein, subject to final approval by the Court of the Settlement.

9. The Court appoints the firm Arden Claims Service, LLC as the Settlement Claims Administrator to administer the Notice procedure and distribute the Net Settlement Fund, under the supervision of Class Counsel.

10. Within thirty (30) days after the filing of this Order, Defendant shall pay the Maximum Settlement Amount of One Million Fifty Thousand Dollars ($1,050,000.00) into the Qualified Settlement Fund.

11. All funds held in the Qualified Settlement Fund shall be controlled by the Settlement Claims Administrator subject to the terms of the Agreement, and shall and remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the

Agreement or further order of the Court.

12. Having reviewed the proposed Notice of Proposed Settlement of Class Action and Collective Action Lawsuit and Fairness Hearing submitted by the Parties as Exhibits A and B, the Court approves, as to form and content, such Notice.

13. No later than fourteen (14) days after the entry of this Order, and before the issuance of the Notice, the Settlement Administrator shall establish the Settlement Website, which shall include, in downloadable format, the following: (i) the Notice; (ii) the Preliminary Approval order; (iii) the Settlement Agreement (including all of its exhibits); (iv) a Question and Answer section agreed to in good faith by the Parties anticipating and answering Settlement-related questions from prospective class members; (v) contact information for the Settlement Administrator, including a Toll Free number, and (vi) any other materials agreed upon by the Parties and/or required by the Court.

14. Within twenty-one (21) days after the entry of this Order, Defendant shall produce to the Settlement Claims Administrator the following information, in electronic form, for all Class Members: name, last known address, email addresses, social security numbers, job titles, dates of employment, and number of qualified workweeks during the relevant period (the "Class List").

15. Within fourteen (14) days of receipt of the Class List, the Settlement Claims Administrator will mail to all Class Members, via First-Class United States Mail, postage prepaid, the Court-approved Notice and Claim Form, email the Notice and Claim to all Class Members for whom the Class List includes an email address, and send the Court-approved Text Notice to all Class Members for whom the Class List includes a mobile telephone number.

16. Prior to the Final Approval hearing, in connection with the motion for final approval of the Settlement, Class Counsel shall serve and file a sworn statement from the

Settlement Administrator evidencing compliance with the provisions set forth above concerning the distribution of Notice by the Settlement Administrator to the Settlement Class.

17.     The Court finds and determines that (a) emailing or mailing the Notice; (b) texting the Notice; and (c) posting the Notice on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the Notice to all persons entitled to receive such Notice, and fully satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other appliable laws and rules.

18.     Each Class Member will have sixty (60) days from the date the Settlement Claims Administrator first mails the Claim Form to return the completed Claim Form.

19.     Any person falling within the definition of the Potential Settlement Classes may, upon request, "opt-out" and be excluded from the Settlement Class.  No Potential Settlement Class Member may both opt-out of the Settlement and object to the Settlement, as described in the Notice.

20.     Any person who desires to opt-out and request exclusion from the Settlement Class must submit a written request for exclusion in the form and manner required by the Notice.  Such written request for exclusion must be mailed to the Settlement Administrator such that it is postmarked no later than sixty (60) days after the issuance of the Notice, with additional time for any Class Members to whom Notice was re-mailed as set forth in the Agreement.

21.     All persons who submit valid and timely written requests for exclusion as set forth in this Order and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Settlement Fund, and shall not be bound by the Settlement or any Final Judgment entered in this Action.

22. Within sixty (60) days from the date the Settlement Class Administrator first mails the Claim form (the "Objection Deadline"), any Settlement Class Member may object to the Settlement, the manner of distribution of the Net Settlement Fund, the application for case contribution Service Award, the Fee Award, and/or the request for reimbursement of Litigation Expenses, or may appear at the Final Approval Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a Final Judgment should not be entered thereon, why the case contribution Service Award should not be approved, or why the Fee Award or request for reimbursement of Litigation Expenses should not be approved. Any such objection must be in the form and manner required by the Notice.

23. No Settlement Class Member or other person will be heard on such matters unless they have postmarked, no later than the Objection Deadline, a written objection that: (a) states that the person objecting is a Settlement Class Member; (b) includes the name and address of the Settlement Class Member objecting; (c) is personally signed by the objecting Settlement Class Member; (d) contains a statement that includes all objections, states whether each objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, and states the specific reasons for all objections, including any legal arguments and evidentiary support; (e) includes a statement of whether the objector intends to appear at the Final Approval Hearing, with or without counsel; and (f) is otherwise in the form and manner required by the Notice. Such written objections, briefs, papers, and statements must be filed with the Court, and copies must be delivered by email, mail, hand, or overnight delivery services at the same time to the following counsel:

**MCLAUGHLIN & STERN, LLP**
Attn: Brett Gallaway, Esq.
212-448-1100
bgallaway@mclaughlinstern.com

24. If a Settlement Class Member objects to the Settlement and the Settlement is nonetheless approved by the Court, then the objecting Settlement Class Member is a member of the Settlement Class and will receive their share of the Net Settlement Fund.

25. If any Settlement Class Member does not make an objection in the form and in a manner set forth above and in the Notice, such Settlement Class Member shall be deemed to have waived any objections and shall be forever barred from raising such objections in this Action or in any other action or proceeding, absent further order of the Court.

26. The application of Class Counsel for any Fee Award, Service Awards, and reimbursement of Litigation Expenses must be filed at least fourteen (14) days prior to the Objection Deadline.

27. Class Counsel shall file a Motion for Final Approval of the Settlement on or before March 7, 2024 (fifteen days before the Fairness Hearing).

28. No later than seventy-five (75) days after the Notice is disseminated by the Settlement Administrator, this Court will hold a Fairness Hearing in the United States District Court for the Northern District of New York, 445 Broadway, Albany New York 12207, at **12:00 p.m. on March 22, 2024** ("Final Approval Hearing"), to determine: (a) whether the proposed Settlement should be finally approved as fair, reasonable, and adequate to the Settlement Class; (b) whether to finally certify the NYLL Class and the FLSA Class for settlement purposes only; (c) whether the proposed manner of distribution of the Net Settlement Fund should be approved as fair, reasonable, and adequate to the Settlement Class; (d) whether to approve the application of

8

Class Counsel for a Fee Award and reimbursement of Litigation Expenses; (e) whether a Final Judgment should be entered; and (f) any other matters that may properly be brought before the Court in connection with the Settlement. The Final Approval Hearing is subject to continuation or adjournment by the Court without further notice to the Settlement Class.

29. Members of the Settlement Class shall be bound by all determinations and judgments concerning the Settlement and Final Judgment as to the same, whether favorable or unfavorable.

30. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement. The Court may approve the Settlement with such modifications as may be agreed by the Parties, if appropriate, without further Notice to the Settlement Class.

**IT IS SO ORDERED.**

Dated: December 5, 2023
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge