UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DESERIA R. GRIFFIN, individually and on behalf of all others similarly situated,

          Plaintiff,

v.

ENDICOTT COIL COMPANY, INC.,

          Defendant.

Case No.: 3:22-cv-01128-MAD-ML

**FINAL JUDGMENT GRANTING: (1) FINAL SETTLEMENT APPROVAL; (2) APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; AND (3) PLAINTIFF'S SERVICE AWARD**

1.    Plaintiff commenced this action on October 28, 2022, by service and filing of a Complaint on behalf of current and former hourly paid and non-exempt employees who worked for Defendant Endicott Coil Company, Inc.[1] In her Complaint, Plaintiff generally alleges that Defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and New York Labor Law, Article 6, §§ 190, *et seq.*, Article 19, §§ 650, *et seq.*, and 12 NYCRR § 142-2, by denying straight and overtime compensation to Plaintiff and Class Members by configuring the time clocks in Defendant's facilities to round down and artificially reduce the amount of time Class Members are credited with performing work and automatically deducting time for meal breaks when Class Members are performing work during that time.

2.    After filing the Complaint, and prior to Defendant's deadline to respond to Plaintiff's First Set of Interrogatories, Plaintiff's First Demand for Documents, and Plaintiff's demand for preservation and production of electronically stored information ("Plaintiff's Discovery Demands"), the Parties were referred to mandatory mediation and ordered to complete

---

[1] Unless otherwise defined, capitalized terms used herein shall have the same meaning as used in the Settlement Agreement and Release (a/k/a the "Agreement") (Dkt. No. 33-3).

mediation by July 10, 2023.  *See* Dkt. No. 22.  The Parties then selected Martin Scheinman, Esq., a well-respected wage-and-hour mediator, to serve as the mediator (the "Mediator") and agreed that Defendant's time to formally respond to Plaintiff's Discovery Demands would be stayed until after the mediation.

3. In anticipation of mediation, however, and at the insistence of Class Counsel, the parties agreed to proceed with informal discovery.  In connection with these efforts, Class Counsel received and reviewed hundreds of pages of documents from Defendant, including Class Member time and payroll records.  *See* Declaration of Brett R. Gallaway dated March 8, 2024 ("Gallaway Dec.") (Dkt. No. 39-2).  Class Counsel also conferred with a damages consultant who analyzed and prepared a detailed individual damages analysis utilizing Class Member's time and payroll records in the calculation of Class Member damages.  *See id.* at ¶ 11.

4. On June 2, 2023, the parties participated in a full-day mediation session with the Mediator.  While the Parties made significant progress in this initial mediation session, including narrowing the disputed issues, they were unable to reach a resolution.  The Parties, however, agreed to attend a second mediation session with the Mediator, provided Defendant obtained advance approval from its Board of Directors for settlement authority substantially higher than Defendant's settlement authority at the first mediation session.

5. On July 6, 2023, the Parties participated in a second mediation session and with the assistance of the Mediator, were able to reach an agreement as to the material terms of a settlement in the maximum amount of $1,050,000.  Over the next several weeks, counsel for the Parties negotiated the terms of the Agreement and its accompanying exhibits.

6. On August 17, 2023, Plaintiff filed her Unopposed Motion for Preliminary Approval of the Settlement.  *See* Dkt. No. 33.  By Order dated December 5, 2023, the Court granted

{N0700371.1}                                    2

preliminary approval of the Settlement; authorized dissemination of Notice and Claim Forms to the Classes; and set a date to consider final approval of the Settlement and the application of Class Counsel for payment of attorneys' fees, reimbursement of expenses, and a service award to the Named Plaintiff (the "Preliminary Approval Order"). *See* Dkt. No. 36. On January 10, 2024, the Court granted the letter motion of Defendant requesting a slight modification of the deadlines set forth in the Preliminary Approval Order, including adjourning the final fairness hearing from March 22, 2024 to April 9, 2024. *See* Dkt. No. 38.

7. The Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.* ("CAFA"), requires that "[n]ot later than 10 days after a proposed settlement of a class action is filed with the court, each defendant that is participating in the proposed settlement . . . serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement[.]" 28 U.S.C. § 1715(b).

8. As detailed in the Affidavit of Barry J. Peek, Esq., on January 23, 2024, more than 90 days in advance of the final Fairness Hearing, the Court-appointed Settlement Administrator served appropriate notices of the Settlement, giving notice of the date and time of the scheduled fairness hearing on the Parties' settlement.

9. Neither Plaintiff nor Defendant have received any indication from any of the recipients of the CAFA notice that any such recipients intend to participate at the final fairness hearing or that they object to the Settlement.

10. On January 26, 2024, Notice of the Settlement was disseminated to Class Members. Among other things, the Notice contains relevant information about the nature of the lawsuit, including how Class Members could opt-in and participate, as well as how the Individual Settlement Amounts will be calculated, attorneys' fees and expenses, the proposed service award

to the Named Plaintiff, and how Class Members can exclude themselves from the Settlement or object to the Settlement.

11. On March 8, 2024, Plaintiff filed an unopposed motion for an Order: (i) granting Class Counsel's application payment of attorneys' fees and reimbursement of expenses; and (2) granting a service award to the Named Plaintiff. *See* Dkt. No. 39.

12. On March 21, 2024, Plaintiff filed an unopposed motion for an Order granting final approval of the Settlement, including: (i) certifying the Classes for settlement purposes; (ii) approving the Settlement and Agreement as final, fair, reasonable, and adequate; and (iii) entering judgment in accordance with the Agreement.

13. The Court held a final fairness hearing on Plaintiff's unopposed motions on April 9, 2024.

NOW, THEREFORE, IT IS HEREBY ORDERED, upon consideration of the Agreement, the Parties' briefs, declarations, and oral arguments in support thereof, and the proceedings in this action to date, as follows:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Agreement.

2. This Court has jurisdiction over the subject matter of this action, all matters relating thereto, and all Parties.

3. If, for any reason, the Agreement ultimately does not become effective, the Parties shall return to their respective positions in the Litigation as those positions existed immediately before the Parties executed the Agreement, and nothing stated in the Agreement or any other papers filed with this Court in connection with the Settlement shall be deemed an admission of any kind

by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in the Litigation or in any other action.

4. The Notice disseminated to Class Members pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances, was accomplished in all material respects, and fully meets the requirements of Federal Rule 23.

5. Pursuant to Federal Rule 23, the Court grants final certification of the FLSA Class, consisting of current and former non-exempt hourly paid employees who worked for Defendant during the period from October 28, 2019 through the date of the Preliminary Approval Order, and the NYLL Class, consisting of current and former non-exempt hourly paid employees who worked for Defendant during the period from October 28, 2016 through the date of the Preliminary Approval Order (collectively, the "Classes").  The Court finds that the Classes meet all of the requirements of Federal Rule 23(a) and (b)(3).

6. Pursuant to Federal Rule 23(e), the Court grants final approval of the Settlement. The Court finds that the Settlement is fair, reasonable, and adequate in all respects and that it is binding on all Class Members and that no Class Member requested to be excluded or objected to the Settlement pursuant to the procedures set forth in the Preliminary Approval Order. The Court finds that the Settlement is rationally related to the strength of Plaintiff's claims given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Agreement is the result of arms'-length negotiations between experienced counsel representing the interests of Plaintiff, Class Members, and Defendant, after thorough factual and legal investigation. *See WalMart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

7. The Court further finds that the Settlement is adequate given: (i) the complexity, expense and likely duration of the Litigation; (ii) the reaction of Class Members to the Settlement,

including the lack of any objections to the Settlement; (iii) the stage of the proceedings and the amount of discovery completed; (iv) the risks of establishing liability and damages; (v) the risks of maintaining the class action through the trial; and (vi) that the Maximum Settlement Amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *See D'Amato v. Deutsche Bank*, 236 F.3d 78, 86 (2d Cir. 2001); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

8. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Agreement by which payments are to be calculated and made to Class Members are fair, reasonable, and adequate, and treat all Class Members equitably. Accordingly, payment shall be made according to those allocations and pursuant to the procedure set forth in the Agreement.

9. The Court has reviewed the Releases described in Section 2.11 of the Settlement Agreement and finds them to be fair, reasonable, and enforceable under the FLSA, Federal Rule 23, and all applicable law.

10. The Court hereby grants Class Counsel attorneys' fees of $350,000 or one-third of the Maximum Settlement Amount, which the Court finds to be fair and reasonable based upon: (i) the number of hours worked by Class Counsel during the Litigation; (ii) the results achieved on behalf of the Classes; (iii) the contingent nature of Class Counsel's representation; (iv) the complexity of the issues raised by the Litigation; (v) the absence of any objections to the request for attorneys' fees; and (vi) a lodestar cross-check, which reveals that Class Counsel will receive a modest multiple to their lodestar expended during the Litigation.

{N0700371.1}                                6

11.   The Court hereby approves Class Counsel's request for reimbursement of litigation expenses in the sum of $21,210.62, which expenses the Court finds were necessarily and reasonably incurred by Class counsel in prosecuting this case.

12.   The Court hereby approves and awards costs and fees to Arden Claims Services LLC in the amount of $21,000 to be paid from the Maximum Settlement Amount in accordance with the Agreement.

13.   The Court hereby approves a service award of $10,000 for the Named Plaintiff based upon the time, effort, and commitment she expended in prosecuting the case on behalf of the Class.

14.   Defendant has complied with the notice requirements of the CAFA. More than 90 days have elapsed since the appropriate Federal and State official(s) were served with notice.

15.   The Complaint filed in this Litigation and all claims contained therein are dismissed in their entirety with prejudice and without costs as to all Class Members.

16.   By operation of the entry of this Order and the Final Judgment, all Released Claims are fully, finally and forever released, relinquished and discharged pursuant to the terms of the release set forth in Section 2.11 of the Agreement as to all Class Members other than those who have opted-out of the Settlement.

17.   The Parties entered into the Agreement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiff and the Classes, individually or collectively, all such liability being expressly denied by Defendant.

18.   This Final Judgment is a final judgment in the Litigation as to all claims among the Plaintiff, the Class Members who have not opted out, and Defendant. The Court finds, for purposes

of Federal Rule 54(b), that there is no just reason for delay and expressly directs entry of Judgment as set forth herein.

19. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Agreement.

IT IS SO ORDERED.

DATED: 4/9/2024

Hon. Mae D'Agostino
United States District Judge